UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:04-CR-66-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENYATTA BOPOPA JOMO | ) | |

This matter is before the court on defendant's motion for a hearing to determine whether he still meets the criteria for commitment under 18 U.S.C. § 4243. (DE # 110.) The government filed a response in opposition. (DE # 111.)

Respondent requests a hearing under 18 U.S.C. § 4247(h) to determine whether he should be discharged from the custody of the Attorney General, and he also requests the appointment of an independent psychiatrist to examine him. (Mot., DE # 110, at 1-2.) In response, the government contends respondent has failed to meet the plausibility-pleading framework for such a hearing pursuant to United States v. Maclaren, 866 F.3d 212 (4th Cir. 2017). (Resp., DE # 111, at 5-7.)

In Maclaren, the Fourth Circuit Court of Appeals held that

> the plausibility-pleading framework for resolving Rule 12(b)(6) challenges to a complaint is equally appropriate for assessing an Adam Walsh Act detainee's[, i.e., an individual committed under 18 U.S.C. § 4248,] § 4247(h) motion. Given that the requested relief is discharge, a district court should grant a § 4247(h) motion for a § 4248 discharge hearing if the motion contains sufficient factual matter, accepted as true, to state a claim for discharge that is plausible on its face.
> In making that determination a district court should, among other things, accept as true all well pleaded facts in the motion and construe them in the light most favorable to the detainee. But the court need not accept as true legal conclusions phrased as factual allegations, "unwarranted inferences," "unreasonable conclusions," and "naked assertions devoid of further factual enhancement."

Maclaren, 866 F.3d at 217-18 (citations omitted).  The court has previously concluded that this standard applies to respondents committed under § 4243.  See United States v. Mair, No. 5:99-MJ-210-BR, DE # 163 (E.D.N.C. Aug. 18, 2020).

The only factual basis respondent alleges in support of his motion is "more than 10 years have passed since the date of his last commitment hearing." (Mot., DE # 110, at 1.)  Based on the record, that allegation is true.  However, without more, respondent has failed to state a claim for discharge.  The motion fails to set forth any facts which, if true, would show that respondent's release (or conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment) would no longer create a substantial risk of bodily injury to another or serious damage to the property of another.  See 18 U.S.C. § 4243(f).  In fact, the most recent information of record about defendant's mental health suggests otherwise.  (See 4/7/20 Annual Risk Assessment, DE # 109, at 35.)  Because respondent has failed to plausibly state a claim for discharge, his concomitant request for appointment of an independent psychiatrist fails.

Respondent's motion for a hearing is DENIED.

This 5 January 2021.

_____
W. Earl Britt
Senior U.S. District Judge